# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BOBBY RAY WYLES, JR.,                                            PLAINTIFF
ADC #149401

V.                             4:17CV00267-JM-JTK

SCOTT MONTGOMERY, et al.                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Bobby Wyles is an inmate confined at the Faulkner County Detention Center (Jail), who filed this pro se 42 U.S.C. § 1983 action against Defendants, complaining about conditions of confinement at the Perry County Detention Center (Jail) (Doc. No. 2). This Court granted Plaintiff's Motion to Proceed in forma pauperis on May 3, 2017, and directed him to submit an Amended Complaint, noting that he failed to include any specific allegations of improper conduct by the Defendants (Doc. No. 3). Plaintiff has now submitted an Amended Complaint (Doc. No. 5).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Facts and Analysis

Plaintiff alleges that the Perry County Detention Center is not in compliance with National Jail Standards, and alleges the following specific claims: 1) he submitted several request forms for hypoglycemic problems and Defendant Dales only responded to one request; 2) he never received a hypoglycemic snack during his month stay at the Perry County Jail; 3) the Perry County Jail staff does not include medical personnel and jailers are allowed to pass out prescription medications, in violation of Jail standards; 4) he was allowed outside yard call on only two occasions during the month; 5) the jail transports food from the kitchen on a flat table rather than a hot box, and he

3

developed a stomach virus on one occasion and had to take antibiotics; 6) his two requests to be placed on work release were denied.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff states he is incarcerated as a pretrial detainee and on a parole violation (Doc. No. 5, p. 3); therefore, the Court will analyze his claims as those pursued by a pretrial detainee, under the Fourteenth Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of time of exposure to the allegedly unconstitutional conditions. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)). "Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture,

4

'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.))

In this case, Plaintiff was incarcerated at the Jail for one month. He claims that he did not receive a hypoglycemic snack during that month, but does not allege that he was harmed. In addition, although he alleges no medical staff at the Jail and that Jailers pass out medications, he does not allege any harm or deliberate indifference to a serious medical need. See Whitnack, 16 F.3d at 957. And, his allegation of violations of Jail standards or policy also does not support a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Plaintiff's allegation that he was allowed outside on only two occasions during the month also does not support a constitutional claim. He does not allege that he was not allowed to exercise inside during the month of incarceration, and he does not allege more than a discomfort, which is not constitutionally protected. His claim about the food causing a stomach virus also does not support a constitutional claim, because he admitted he was treated with antibiotics, and he does not allege deliberate indifference to a serious medical need. Finally, his allegation that he was denied participation in a work release program also does not allege the deprivation of an identifiable human need. See Whitnack[1], 16 F.3d at 957.

Based on this case law and Plainitff's vague allegations, the Court finds that Plaintiff's

---

[1] Prison inmates do not have a constitutional right to a particular prison job or classification. Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam). In addition, there is no protected liberty interest in a work release program for an incarcerated inmate. Edwards v. Lockhart, 908 F.2d 299, 301 (8th Cir. 1990); and Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 668 (8th Cir. 1996).

claims against Defendants should be dismissed, for failure to state a claim for relief.

**IV.	Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.	Plaintiff's Complaint against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2.	This dismissal constitute a "strike" within the meaning of the PLRA.[2]

3.	The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 16th day of May, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.